## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **DEMETRIUS BATTLE as next friend and parent of XAVIER JOHNSON, a minor, DEMETRIUS BATTLE as next friend and parent of MALIK GREEN, a minor, DEMETRIUS BATTLE as next friend and parent of JOE NEAL, a minor, and LORETTA TRAYLOR as next friend and parent of EBONY COLLIER, a minor individually and on behalf of all others similarly situated,** | : : : : : : : : : : : : : : : | Civil Action File No. |
| **Plaintiffs,** | : : : |  |
| **vs.** | : : : |  |
| **PVG RESTAURANT GROUP, LLC d/b/a Sonic,** | : : : |  |
| **Defendant.** | : : : |  |

---

### COMPLAINT

---

Plaintiffs Demetrius Battle ("Battle") as next friend and parent of Xavier

Johnson, a minor, ("Johnson"), Battle as next friend and parent of Malik

Green, a minor, ("Green"), Battle as next friend and parent of the Joe Neal, a

minor ("Neal"), and Loretta Traylor ("Traylor") as next friend and parent of

Ebony Collier, a minor ("Collier") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, bring this Complaint against Defendant PVG Restaurant Group, LLC d/b/a Sonic ("PVG") and show the Court as follows:

## INTRODUCTION

### 1.

This is an FLSA minimum wage and overtime case.

### 2.

At all times during the three years immediately preceding the initiation of this action ("the Relevant Time Period") PVG operated a business known as the Sonic Restaurant ("the Restaurant") from a facility located at 2208 Riverside Parkway, Lawrenceville, GA 30043

### 3.

PVG employed Johnson, Green, Neal and Collier ("collectively "the Minor Employees") at the Restaurant during the Relevant Time Period.

### 4.

Plaintiffs ask this Court to certify a collective of similarly situated individuals, to wit, all minors who PVG employed at the Restaurant at any time during the Relevant Time Period whose parents or guardians as their next friends consent in writing to their inclusion in a collective action.

## 5.

Battle's Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "A".

## 6.

Traylor's Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "B".

## 7.

Plaintiffs request collective relief because all other minors who PVG employed at the Restaurant during the Relevant Time Period were treated in a similar manner with respect to their compensation.

### JURISDICTION AND VENUE

## 8.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

## 9.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because a substantial part of the events or omission giving rise to the claim occurred in this judicial district.

## The Parties

### 10.

Johnson resides in Gwinnett County, Georgia.

### 11.

PVG employed Johnson at the Restaurant from approximately February 9, 2016 through July 2016.

### 12.

Green resides in Gwinnett County, Georgia.

### 13.

PVG employed Green at the Restaurant from approximately February 9, 2016 through July 2016.

### 14.

Neal resides in Gwinnett County, Georgia.

### 15.

PVG employed Neal at the Restaurant from approximately October 2015 through September 23, 2016.

### 16.

Collier resides in Gwinnett County, Georgia.

17.

PVG employed Collier at the Restaurant from June 2016 through early August 2016.

18.

PVG is a Limited Liability Company organized under the laws of the State of Kansas.

19.

During the Relevant Time Period, PVG has been registered to do business in the State of Georgia.

20.

PVG may be served with process through its registered agent Randy Gulden located at 2657 Spring Rock Way, N.E., Roswell, Georgia 30075.

21.

PVG is subject to the personal jurisdiction of this Court.

ENTERPRISE COVERAGE

22.

At all times during the Relevant Time Period, PVG was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

23.

During 2014, PVG had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

During 2015, PVG had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

25.

During 2016, PVG had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

26.

At all times during the Relevant Time Period, the Minor Employees and at least two other employees of PVG utilized and handled the following goods which moved in interstate commerce in the furtherance of the commercial purpose of PVG: food, food packaging materials, kitchen equipment, computers, point of sale systems, and beverages.

27.

At all times during 2015, PVG had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

28.

At all times during 2016, PVG had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

29.

During 2015, PVG had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

During 2016, PVG had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

At all times during the Relevant Time Period, PVG has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

## EMPLOYER / EMPLOYEE RELATIONSHIP

### 32.

At all times during the Relevant Time Period, PVG was an "employer" of the Minor Employees as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

### 33.

At all times during the Relevant Time Period, the Minor Employees were "employees" of PVG as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

## ADDITIONAL FACTUAL ALLEGATIONS

### 34.

At all times during the Relevant Time Period, Restaurant employees recorded their work time digitally through PVG's point of sale computer system ("the POS").

### 35.

At all times during the Relevant Time Period, PVG maintained the POS in a manner so that an employee must first enter a personal identification number issued by Defendant in order to gain access to the POS and thereby record his/her work time.

### 36.

PVG employed Johnson as a carhop and cook at the Restaurant from February 9, 2016 through July 2016.

37.

PVG failed to assign Johnson a personal identification number that would allow him to access the POS in order to record his work time.

38.

PVG willfully failed to assign Johnson a personal identification number that would allow him to access the POS in order to deprive Johnson of the wages he earned.

39.

During the Relevant Time Period, PVG failed to create, maintain and preserve accurate records of Johnson's work time.

40.

From February 2016 through May 2016, Johnson regularly worked for PVG at the Restaurant 5 or 6 shifts during each work week.

41.

From June 2016 through July 2016, Johnson regularly worked for PVG at the Restaurant 3 or 4 shifts during each work week.

42.

During the Relevant Time Period, Johnson regularly worked 8-10 hours during each work shift.

43.

During most shifts, PVG failed to provide Johnson with a meal break during which he was relieved of all work duties.

44.

PVG failed to compensate Johnson for the work he performed on its behalf and for its benefit from February 9, 2016 through May 2016.

45.

PVG employed Green as a carhop and cook at the Restaurant from February 9, 2016 through July 2016.

46.

PVG failed to assign Green a personal identification number that would allow him to access the POS in order to record his work time.

47.

PVG willfully failed to assign Green a personal identification number that would allow allow him to access the POS in order to deprive Green of the wages he earned.

48.

During the Relevant Time Period, PVG failed to create, maintain and preserve accurate records of Green's work time.

49.

From February 2016 through July 2016, Green regularly worked for PVG at the Restaurant 5 or 6 days during each work week.

50.

During the Relevant Time Period, Green regularly worked 8-10 hours during each work shift.

51.

During most shifts, PVG failed to provide Green with a meal break during which he was relieved of all work duties.

52.

PVG failed to compensate Green for the work he performed on its behalf and for its benefit from February 9, 2016 through May 2016.

53.

PVG employed Neal as a carhop and cook at the Restaurant from October 2015 through April 2016.

54.

PVG changed Neal's job title to "Manager" in or about May 2016.

55.

PVG failed to change Neal's job duties when it gave him the title of "Manager".

56.

From October 2015 through December 2015, Neal regularly worked 3 or 4 shifts during each work week, approximately 6 hours per day.

57.

From January 2016 through September 23, 2016, Neal regularly worked 6 to 7 shifts during each work week.

58.

From January 2016 through September 23, 2016, Neal regularly worked from 6:00 a.m. until 1:00 a.m. (i.e., 19 hours) during each work shift.

59.

During most shifts, PVG failed to provide Neal with a meal break during which he was relieved of all work duties.

60.

PVG failed to compensate Neal for all work he performed on its behalf and for its benefit from January 2016 through May 2016.

61.

PVG employed Collier as a car hop and fountain operator at the Restaurant from June 2016 through early August 2016.

62.

During the Relevant Time Period, Collier regularly worked 5 or 6 shifts during each work week.

63.

During the Relevant Time Period, Collier regularly worked 8-10 hours during each work shift.

64.

During most shifts, PVG failed to provide Collier with a meal break during which she was relieved of all work duties.

65.

During most work days, Collier regularly worked through her scheduled meal break.

66.

At all times during the Relevant Time Period, PVG did not pay its Minor Employees on a salaried basis.

67.

At all times during the Relevant Time Period, PVG did not employ the Minor Employees in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

68.

At all times during the Relevant Time Period, PVG did not employ the Minor Employees in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

69.

At all times during the Relevant Time Period, PVG did not employ the Minor Employees in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

70.

At all times during the Relevant Time Period, PVG did not employ the Minor Employees in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

71.

At all times during the Relevant Time Period, the Minor Employees were not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

72.

At all times during the Relevant Time Period, the Minor Employees were not exempt from the Maximum Hours requirements of the FLSA by reason of any exemption.

73.

Section 6 of the FLSA (29 U.S.C. § 206) requires that PVG compensate the Minor Employees and each member of the collective they seek to represent at a rate of no less than $7.25 per hour for every hour worked in a work week.

74.

Section 7 of the FLSA (29 U.S.C. § 207) requires that PVG compensate the Minor Employees and each member of the collective they seek to represent a rate of one and one half times their regular rate for each hour worked in excess of forty (40) hours in a work week.

75.

PVG knew or should have known that the FLSA applied to the Minor Employees and the class they represent.

76.

PVG knew or should have known that Section 6 of the FLSA requires that PVG compensate the Minor Employees and each member of the collective they seek to represent at a rate of at least $7.25 per hour for every hour worked in a work week.

77.

PVG knew or should have known that Section 7 of the FLSA requires that PVG compensate the Minor Employees and each member of the collective they seek to represent a premium for all hours worked above forty in a workweek.

78.

During the Relevant Time Period, the Minor Employees regularly worked in excess of 40 hours during most work weeks.

79.

During the Relevant Time Period, PVG by and through its former Manager "Ronnie", regularly required that the Minor Employees work off the clock.

80.

Duirng the Relevant Time Period, Manager "Ronnie" advised the Minor Employees that they should clock in and immediately clock out because he did not want to violate "labor hours".

81.

During the Relevant Time Period, Manager "Ronnie" advised the Minor Employees that they should clock in and immediately clock out so he would have a record of which days the Minor Employees worked.

82.

During the Relevant Time Period, PVG frequently falsified its records by reducing or truncating the number of hours the Minor Employees actually worked.

83.

During the Relevant Time Period, PVG falsified its records by reducing or truncating the number of hours the Minor Employees actually worked during each work week in an attempt to underpay the Minor Employees the compensation it owed them.

84.

During the Relevant Time Period, PVG by and through its Manager, "Ronnie" often called the Minor Employees to work at times when they were not scheduled to work.

85.

During the Relevant Time Period, PVG failed to keep an accurate record of the number of hours the Minor Employees actually worked.

86.

During the Relevant Time Period, PVG required the Minor Employees and the members of collective they seek to represent to pay out of pocket for shortages.

87.

During the Relevant Time Period, PVG required the Minor Employees and the members of collective to remit to it all tips received each shift.

88.

During the Relevant Time Period, PVG failed to compensate the Minor Employees at a rate of $7.25 per hour for each hour they worked.

89.

During the Relevant Time Period, PVG willfully failed to compensate the Minor Employees at a rate of $7.25 per hour for each hour they worked.

90.

During the Relevant Time Period, the Minor Employees and the members of collective they seek to represent worked for PVG more than forty (40) hours per week during most, if not all, work weeks.

91.

During the Relevant Time Period, PVG failed to pay the Minor Employees and the members of collective they seek to represent at one and one half times their regular hourly rates for work they performed in excess of (40) hours during each work week as required by the FLSA.

### COUNT I — FAILURE TO PAY MINIMUM WAGE TO PLAINTIFF JOHNSON

92.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

93.

At all times during the Relevant Time Period, Johnson was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

94.

PVG failed to pay Johnson any wages for hours he worked on its behalf and for its benefit from February 9, 2016 through May 2016.

95.

During the Relevant Time Period, PVG falsified its records by reducing or truncating the number of hours Johnson actually worked during each work week.

96.

During the Relevant Time Period, PVG willfully failed to compensate Johnson at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

97.

As a result of the underpayment of minimum wages as alleged above, Johnson is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

98.

As a result of the underpayment of minimum wages as alleged above, Johnson is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b), declaratory and injunctive relief, and reimbursement of Plaintiffs' reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216(b).

### COUNT II — FAILURE TO PAY MINIMUM WAGE TO PLAINTIFF GREEN

99.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

100.

At all times during the Relevant Time Period, Green was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

101.

PVG failed to pay Green any wages for hours he worked on its behalf and for its benefit from February 9, 2016 through May 2016.

102.

During the Relevant Time Period, PVG falsified its records by reducing or truncating the number of hours Green actually worked during each work week.

103.

During the Relevant Time Period, PVG willfully failed to compensate Green at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

104.

As a result of the underpayment of minimum wages as alleged above, Green is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

105.

As a result of the underpayment of minimum wages as alleged above, Green is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b), declaratory and injunctive relief, and reimbursement of Plaintiffs' reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216(b).

### COUNT III — FAILURE TO PAY MINIMUM WAGE TO PLAINTIFF NEAL

106.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

107.

At all times during the Relevant Time Period, Neal was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

108.

PVG failed to pay Neal wages for all hours he worked on its behalf and for its benefit from January 2016 through May 2016.

109.

During the Relevant Time Period, PVG falsified its records by reducing or truncating the number of hours Neal actually worked during each work week.

110.

During the Relevant Time Period, PVG willfully failed to compensate Neal at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

111.

As a result of the underpayment of minimum wages as alleged above, Neal is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

112.

As a result of the underpayment of minimum wages as alleged above, Neal is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b), declaratory and injunctive relief, and reimbursement of Plaintiffs' reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT IV — FAILURE TO PAY MINIMUM WAGE TO PLAINTIFF COLLIER

113.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

114.

At all times during the Relevant Time Period, Collier was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

115.

PVG failed to pay Collier wages for all hours she worked on its behalf and for its benefit from June 2016 through August 2016.

116.

During the Relevant Time Period, PVG falsified its records by reducing or truncating the number of hours Collier actually worked during each work week.

117.

During the Relevant Time Period, PVG willfully failed to compensate Collier at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

118.

As a result of the underpayment of minimum wages as alleged above, Collier is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

119.

As a result of the underpayment of minimum wages as alleged above, Collier is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b), declaratory and injunctive relief, and reimbursement of his

reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT V — FAILURE TO PAY OVERTIME TO PLAINTIFF JOHNSON

### 120.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

### 121.

At all times during the Relevant Time, Period, Johnson was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

### 122.

During the Relevant Time Period, Johnson regularly worked on PVG's behalf and for its benefit in excess of forty (40) hours during each week.

### 123.

During the Relevant Time Period, PVG failed to compensate Johnson at one-and-one-half times his regular hourly rate for work he performed on its behalf and for its benefit in excess of 40 hours in any week.

124.

During the Relevant Time Period, PVG willfully failed to Johnson at one and one half times his regular hourly rate for work he performed on its behalf and for its benefit in excess of forty (40) hours in any week.

125.

As a result of the underpayment of overtime compensation as alleged above, Johnson is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

126.

As a result of the underpayment of overtime compensation as alleged above, Johnson is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

127.

As a result of the underpayment of overtime compensation as alleged above, Johnson is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT VI — FAILURE TO PAY OVERTIME TO PLAINTIFF GREEN**

128.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

129.

At all times during the Relevant Time, Period, Green was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

130.

During the Relevant Time Period, Green regularly worked on PVG's behalf and for its benefit in excess of forty (40) hours during each week.

131.

During the Relevant Time Period, PVG failed to compensate Green at one-and-one-half times his regular hourly rate for work he performed on its behalf and for its benefit in excess of 40 hours in any week.

132.

During the Relevant Time Period, PVG willfully failed to Green at one and one half times his regular hourly rate for work he performed on its behalf and for its benefit in excess of forty (40) hours in any week.

133.

As a result of the underpayment of overtime compensation as alleged above Green is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

134.

As a result of the underpayment of overtime compensation as alleged above, Green is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

135.

As a result of the underpayment of overtime compensation as alleged above, Green is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT VII — FAILURE TO PAY OVERTIME TO PLAINTIFF NEAL

136.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

137.

At all times during the Relevant Time Period, Neal was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

138.

During the Relevant Time Period, Neal regularly worked on PVG's behalf and for its benefit in excess of forty (40) hours during each week.

139.

During the Relevant Time Period, PVG failed to compensate Neal at one-and-one-half times his regular hourly rate for work he performed on its behalf and for its benefit in excess of 40 hours in any week.

140.

During the Relevant Time Period, PVG willfully failed to Neal at one and one half times his regular hourly rate for work he performed on its behalf and for its benefit in excess of forty (40) hours in any week.

141.

As a result of the underpayment of overtime compensation as alleged above, Neal is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

142.

As a result of the underpayment of overtime compensation as alleged above, Neal is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

143.

As a result of the underpayment of overtime compensation as alleged above, Neal is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT VIII — FAILURE TO PAY OVERTIME TO PLAINTIFF COLLIER

### 144.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

### 145.

At all times during the Relevant Time Period, Collier was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

### 146.

During the Relevant Time Period, Collier regularly worked on PVG's behalf and for its benefit in excess of forty (40) hours during each week.

### 147.

During the Relevant Time Period, PVG failed to compensate Collier at one-and-one-half times her regular hourly rate for work she performed on its behalf and for its benefit in excess of 40 hours in any week.

### 148.

During the Relevant Time Period, PVG willfully failed to Collier at one and one half times her regular hourly rate for work she performed on its behalf and for its benefit in excess of forty (40) hours in any week.

149.

As a result of the underpayment of overtime compensation as alleged above, Collier is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

150.

As a result of the underpayment of overtime compensation as alleged above, Collier is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

151.

As a result of the underpayment of overtime compensation as alleged above, Collier is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

COUNT IX – COLLECTIVE ACTION ALLEGATIONS

152.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

153.

At all times during the Relevant Time Period, PVG violated 29 U.S.C. § 206 and 29 U.S.C. § 207 by failing to pay minimum wage and overtime wages to the members of the collective Plaintiffs seek to represent.

154.

At all times during the Relevant Time Period, PVG have violated 29 U.S.C. § 206 and 29 U.S.C. § 207 by failing to pay minimum wage and overtime wages to the members of the collective Plaintiffs seek to represent in the same manner as alleged above with respect to the Minor Employees.

155.

All persons who PVG employed at the Restaurant during the Relevant Time Period are "similarly situated" to the Minor Employees within the meaning of FLSA § 16 (b), 29 U.S.C. § 216(b).

156.

PVG is liable pursuant to 29 U.S.C. § 201 *et seq.* to all individuals similarly situated to the Minor Employees for unpaid minimum wages, overtime wages, attorney's fees and costs of litigation, and other such equitable and legal relief that this Court finds proper.

157.

The proposed collective of individuals similarly situated to employees should be defined as "All minors who PVG employed at the Restaurant from January 13, 2013 through the present."

158.

All such individuals similarly situated to the Minor Employees would benefit from the issuance of a Court-supervised Notice of Present Lawsuit and opportunity to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

159.

All such individuals similarly situated to the Minor Employees are known to PVG, are readily identifiable, and can be located through PVG's records.

WHEREFORE, Plaintiffs respectfully pray:

1. That Plaintiffs be awarded amounts on behalf of the Minor Employees and the class Plaintiffs seek to represent as may be determined at trial against PVG, in due but unpaid minimum wages under the FLSA, plus additional like amounts in liquidated damages;

2. That Plaintiffs be awarded amounts on behalf of the Minor Employees and the class Plaintiffs seek to represent against PVG as determined at trial, in due but unpaid overtime wages under the FLSA, plus additional like amounts in liquidated damages;

3. That the Court permanently enjoin PVG from violating the minimum wage and overtime provisions of the FLSA;

4.     That Plaintiffs be awarded their costs of litigation, including reasonable their attorney's fees from PVG;

5.     That the Court issue a Notice of Present Lawsuit to all individuals similarly situated to Minor Employees, allowing all such similarly-situated individuals to file their written consent to join this action as Plaintiffs;

6.     That the Court award all such individuals who "opt in" to this lawsuit their unpaid minimum wages, overtime wages, liquidated damages, and costs of litigation and reasonable attorney's fees from PVG; and

7.     For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

*/s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375

**Counsel for Plaintiffs**