# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DEMETRIUS BATTLE as next friend and parent of XAVIER JOHNSON, a minor, DEMETRIUS BATTLE as next friend and parent of MALIK GREEN, a minor, DEMETRIUS BATTLE as next friend and parent of JOE NEAL, a minor, and LORETTA TRAYLOR as next friend and parent of EBONY COLLIER, a minor individually and on behalf of all others similarly situated,** | : : : : : : : : : : : : : | |
| | : | Civil Action File No. |
| | : | 1:17-CV-00348-SCJ |
| **Plaintiffs,** | : : | |
| **vs.** | : : : | |
| **PVG RESTAURANT GROUP, LLC d/b/a Sonic,** | : : : : | |
| **Defendant.** | : : : : | |

---

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to LR 16.2 NDGa, Plaintiffs Demetrius Battle, as next friend and parent of Xavier Johnson, a minor, Demetrius Battle, as next friend and parent of Maleek Green, a minor, Demetrius Battle, as next friend and parent of Joe Neal, a minor, and Loretta Traylor as next friend and parent of Ebony Collier, a minor,

individually and on behalf of all others similarly situated (collectively "Plaintiffs")

and Defendant PVG Restaurant Group, LLC d/b/a Sonic, submit their Joint

Preliminary Report and Discovery Plan, showing the Court as follows:

1. **DESCRIPTION OF CASE:**

(a) Describe briefly the nature of this action.

**This is a collective action for damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiffs allege that Defendant violated the minimum wage and overtime pay provisions of the FLSA. Plaintiffs allege that Defendant failed to compensate them and the class they represent at or above the statutory minimum wage for each hour worked and further failed to pay them at one and one half times their regular hourly rates for work performed in excess of 40 hours per week during the entire period of their employment. Defendant denies that any acts or omissions giving rise to a cause of action have occurred, that this action should be designated as a collective action or that any notice should issue in this action, or that Plaintiffs or any alleged similarly situated individuals are entitled to any relief.**

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

*(1)     The Plaintiffs' Factual Contentions:*

**Defendant employed Plaintiffs as follows:**

- **Xavier Johnson, a minor as a carhop and cook from February 9, 2016 through July 2016.**

- **Malik Green, a minor as a carhop and cook from February 9, 2016 through July 2016.**

- **Joe Neal, a minor as a carhop and cook from October 2015 through April 2016 and then as a "Manager" from May 2016 through September 23, 2016.**

- **Ebony Collier as a car hop and fountain operator from June 2016 through early August 2016.**

**Plaintiffs were not exempt from the minimum wage or overtime pay requirements of the FLSA by reason of any exemption.**

**During all times relevant to this action, Defendant maintained a point of sale computer system ("POS") in a manner so that an employee must first enter a personal identification number issued by Defendant in order to gain access to the POS and thereby record his/her work time. Defendants failed to assign Plaintiffs Johnson and Green with personal identification numbers that would allow them access to the POS in order to accurately record their time**

thereby undercounting the hours they actually worked.

In addition, during the Relevant Time Period, Defendant by and through its former Manager "Ronnie", regularly required that Plaintiffs work off the clock. Defendant also called Plaintiffs to come into work on days wherein they were not scheduled to work. Further, Defendants auto-deducted a daily meal break from Plaintiffs and the class even though they regularly worked through the time periods allotted for meal breaks.

Defendant further required Plaintiffs and members of collective they seek to represent to pay out of pocket for shortages. Defendant also required Plaintiffs and members of collective to remit to it all tips received each shift.

Defendant frequently falsified its records by reducing or truncating the number of hours Plaintiffs actually worked in an attempt to underpay the Plaintiffs and the opt-in class the compensation it owed them.

During the Relevant Time Period, Defendant failed to compensate Plaintiffs at a rate of $7.25 per hour for each hour they worked. During the Relevant Time Period, Plaintiffs failed to pay Plaintiffs and members of collective they seek to represent at one and one half times their regular hourly rates for work they performed in excess of (40) hours during each work week as required by the FLSA.

**Plaintiffs reject Defendant's contention that they should be barred from a recovery because they did not attempt to resolve this situation earlier. This is not a permissible defense under the FLSA and it ignores the general prohibition against compromising an FLSA case outside of litigation with incomplete information. Moreover, while Defendant may have attempted to partially remedy the pay situation by compensating those that complained, this was not a mere payroll error. Defendant's actions—through its manager—were a systematic multi-month program to underpay minors and intellectually disabled employees. Plaintiffs understand that Defendant made no effort to seek out other employees who were underpaid and did not compensate those employees it did pay with liquidated damages as required by the FLSA.**

*(2)    Defendants' Factual Contentions:*

Defendant has only recently begun its investigation into the allegations set forth in the Complaint. Defendant therefore reserves the right to supplement and/or modify its factual contentions as necessary during the discovery process based on its investigation.

Subject to and without waiving the foregoing, Defendant denies the allegations set forth in Plaintiffs' Complaint. On or about November 11, 2014,

Defendant purchased the Sonic Drive-In Restaurant in Lawrenceville, Georgia that is the subject of the instant matter (the "Restaurant"). Defendant employed Plaintiff Xavier Johnson at the Restaurant from on or about June 12, 2016 to on or about August 19, 2016; Plaintiff Rodney "Malik" Green at the Restaurant from on or about May 31, 2016 to on or about August 31, 2016; Plaintiff Joe Neal at the Restaurant from on or about December 3, 2015 to on or about August 25, 2016; and Plaintiff Ebony Collier at the Restaurant from on or about June 7, 2016 to on or about August 7, 2016.

On approximately July 21, 2016, several hourly employees at the Restaurant made allegations that they had received paychecks that did not accurately reflect the number of hours for which they had worked during the corresponding pay period. These employees, including the named Plaintiffs, asserted that a former Manager at the Restaurant had instructed them to work "off the clock" for Defendant. Defendant immediately investigated the employees' claims, contacting each individual to determine the quantity of hours for which they alleged that they had been instructed to work without clocking in, so that payment could be provided promptly and all disputes over hours worked and pay could be resolved. Defendant additionally terminated the former Manager's employment.

On July 21, 2016, Defendant's Area Manager was contacted by the mother of

named Plaintiffs Neal, Johnson, and Green. Defendant's Area Manager requested that she or her sons provide the number of hours for which Neal, Johnson, and Green performed unpaid work, so that this issue could be immediately resolved and checks for any alleged unpaid compensation issued. The following day, the mother declined to provide the requested information, stating that she had been advised not to do so by her attorney. On July 23, 2016, Defendant's Area Manager spoke with Plaintiffs Neal and Green, and again requested that they provide the number of hours for which they alleged to have been instructed to work off the clock; however, both individuals stated that they had been instructed by their mother not to provide any information to Defendant in support of their allegations of unpaid work.

Plaintiff Collier, in contrast, provided Defendant with information as to the number of hours she worked, and Defendant issued a check to Collier for all alleged unpaid time in the gross amount of $151.68 on August 9, 2016. That check was endorsed by Collier and deposited August 10, 2016. Defendant additionally issued payment to each of the other hourly employees of the Restaurant who asserted that their Manager had instructed him or her to perform unpaid work in the full amount requested by each employee. Of the employees of Defendant who claimed to have been instructed to work off the clock in approximately July 2016, only Plaintiffs Joe Neal, Xavier Johnson, and Rodney "Malik" Green have refused to provide

information as to the number of hours of unpaid work they allegedly performed, and Defendant has therefore been unable to resolve those three individuals' claims for alleged unpaid time.

Defendant therefore states that immediately upon discovering Plaintiff's allegations of "off the clock" work, it took steps to pay all affected employees the full amount each alleged to be owed. It is Defendant's position that Plaintiff Ebony Collier's claims of unpaid work are moot, because Defendant previously provided payment to Collier for all work for which she alleged to have performed "off the clock." Further, it is Defendant's position that the claims of Plaintiffs Joe Neal, Xavier Johnson, and Rodney "Malik" Green should be barred due to their inexplicable failure to resolve this dispute with Defendant prior to instituting litigation, despite Defendant's good faith efforts to do so.

(c) The legal issues to be tried are as follows:

*Plaintiffs' Position:*

> **1.     Whether Defendant violated the FLSA;**

> **2.     Whether Plaintiffs are similarly situated to other employees within the meaning of 29 U.S.C. § 216(b) such that this case should be certified as a collective action;**

3. Whether Defendant maintained accurate records of the work hours of its employees in the manner required by 29 U.S.C. § 211(c) and 29 C.F.R. § 516;

4. Whether Defendant required Plaintiffs and the proposed class to pay shortages;

5. Whether shortages paid by Plaintiffs and the proposed class to Defendant, violated the free and clear requirement of 29 CFR § 531.35.

6. Whether Defendant paid Plaintiffs all tips they had earned;

7. The amount of due but minimum wages to which Plaintiffs and the proposed class are entitled to recover from Defendant;

8. The amount of due but unpaid overtime compensation to which Plaintiffs and the proposed class are entitled to recover from Defendant;

9. Whether Defendant's actions were "willful" within the meaning of 29 U.S.C. § 255(a) so as to permit Plaintiffs and the class to recover an FLSA remedy for each workweek in the three years preceding the initiation of this action;

10. Whether Defendant's actions were taken in good faith so as to avoid an award of liquidated damages;

**11.    The amount of liquidated damages to which Plaintiffs and the proposed class are entitled from Defendant.**

**12.    The amount of costs of litigation, including reasonable attorneys to which Plaintiffs are entitled from Defendant pursuant to 29 U.S.C. § 216(b);**

*Defendant's Position:*

1.    Whether class certification is appropriate pursuant to 29 U.S.C. § 216(b) and the case law decided thereunder;

2.    Whether Plaintiffs were paid in compliance with the FLSA; and

3.    Whether Plaintiffs' claims and/or damages are barred and/or limited by the defenses raised in Defendant's Answer and Additional Defenses.

 (d)  The cases listed below (include both style and action number) are:

   *Pending Related Cases:*  **None known**

   *Previously Adjudicated Related Cases:*  **None known**

2.    **THIS CASE IS COMPLEX BECAUSE IT POSSESSES ONE (1) OR MORE OF THE FEATURES LISTED BELOW (PLEASE CHECK):**

| X | (1) | Unusually large number of parties. |
|---|-----|-------------------------------------|
|   | (2) | Unusually large number of claims or defenses. |
|   | (3) | Factual issues are exceptionally complex. |
|   | (4) | Greater than normal volume of evidence. |

| | | |
|---|---|---|
| | (5) | Extended discovery period is needed |
| | (6) | Problems locating or preserving evidence. |
| | (7) | Pending parallel investigations or action by government. |
| | (8) | Multiple use of experts. |
| | (9) | Need for discovery outside United Stated boundaries. |
| | (10) | Existence of highly technical issues and proof. |
| | (11) | Unusually complex discovery of electronically stored information. |

**3.** **COUNSEL:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

*Plaintiffs*:

**DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC**

**Charles R. Bridgers**
**Kevin D. Fitzpatrick, Jr.**

**3100 Centennial Tower**
**101 Marietta Street**
**Atlanta, GA 30303**
**(404) 979-3150 Telephone**
**(770) 859-0754 Facsimile**
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com

*Defendant*:

**Fisher & Phillips, LLP**

**Matthew R. Simpson**

**1075 Peachtree Street, NE**
**Suite 3500**
**Atlanta, Georgia 30309**
**(404) 231-1400 Telephone**
**(404) 240-4249 Facsimile**
msimpson@fisherphillips.com

4.    **JURISDICTION:**

Is there any question regarding this court's jurisdiction?

____ Yes        __**X**__ No

If "yes" please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.    **PARTIES TO THIS ACTION:**

(a)  The following persons are necessary parties who have not been joined:

**None known.**

(b)  The following persons are improperly joined as parties:

**None known.**

(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

(d)   The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.   AMENDMENTS TO THE PLEADINGS:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

**(a)**   List separately any amendments to the pleadings which the parties anticipate will be necessary:  **None.**

**(b)**   Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.   FILING TIMES FOR MOTIONS:

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A (2).

(a)  Motions to Compel:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)  Summary Judgment Motions:  within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)   Other Limited Motions:   Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)  Motions Objecting to Expert Testimony: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.**    **INITIAL DISCLOSURES**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

**The Parties agree to exchange Initial Disclosures on or before May 9, 2017.**

9.    REQUEST FOR SCHEDULING CONFERENCE

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference at this time.**

10.    DISCOVERY PERIOD

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.1A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

*Plaintiffs*: **The nature of Plaintiffs' employment relationships with Defendant; the duties performed by Plaintiffs and similarly situated individuals (i.e. "All minors who PVG employed at the Restaurant from January 13, 2013 through the present") for Defendant; the number of hours worked by Plaintiffs and the opt-in class for Defendant; and the compensation paid by Defendant to Plaintiffs and the opt-in class for such work.**

*Defendant*:  Discovery will be needed on the allegations raised in Plaintiff's Complaint and Defendant's defenses thereto.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**As a Fair Labor Standards Act case this case is subject to a four-month discovery track. Due to the litigation schedules of counsel and the impending summer vacation schedules of both counsel and parties, the parties request a 6 month discovery track. Discovery would, therefore, commence on April 10, 2017 and will end on October 9, 2017.**

**The Parties may require additional time to complete discovery if the case is conditionally certified and the opt-in period closes, but agree to confer with**

each other and the Court regarding any extensions of discovery that may become necessary as the litigation progresses.

At this time, the Parties do not believe that discovery should be conducted in phases but reserve the right to seek bifurcation or other phased discovery if they determine it is appropriate.

11.    DISCOVERY LIMITATIONS:

(a)    What changes should be made in the limitations on discovery under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None at this time.**

(b)    Is any party seeking discovery of electronically stored information?

____**X**____ Yes        _____ No

If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically store information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

*See* **Entry under (2).**

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The Parties do not anticipate that ESI will be significant in this matter. If ESI is a subject of discovery, it should be requested with as much specificity as possible to minimize the required expense.  Upon request, electronic mail and any other form of digital file shall be produced in native (e.g., .pst, .xcl., .mdb, .doc) format subject to the standard defenses set forth in Fed. R. Civ. P. 26.  If the requesting party does not specify the format, the producing party will have the option of producing the documents in native format, paper form or providing the information in static .pdf files.  If either party requests that any Metadata be produced, the parties may discuss the production of metadata and attempt to reach an agreement.  If advanced search methodologies become necessary, the parties agree to confer in attempt to reach agreement regarding the method of culling voluminous materials.  The parties agree to cooperate in the development of a list of such terms that will then be run against potentially relevant data sets to determine whether, or to what extent, the terms return a**

**large number of "false hits." If the producing party claims that production of ESI would be an "undue burden," the producing party shall raise the issue with the party seeking production as soon as possible. Neither Party shall request reimbursement for the location or production of ESI without first providing an estimate of those costs to the party seeking production and conferring about those costs. If they cannot reach agreement, they shall jointly seek guidance from the Court.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12.     **OTHER ORDERS:**

What other orders do the parties think that the Court should enter under Rule 26(e) or under Rule 16(b) or (c)?

13.     **SETTLEMENT POTENTIAL:**

(a)     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on <u>March 24, 2017</u> and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiffs:  Charles R. Bridgers**

**For Defendant: Matthew R. Simpson**

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( **X** )     A possibility of settlement before discovery.

( **X** )     A possibility of settlement after discovery.

(____)     A possibility of settlement, but a conference with the judge is needed.

(____)     No possibility of settlement.

(c)     Counsel (____ **X** ____) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is **not yet determined**.

(d)     The following specific problems have created a hindrance to settlement of this case.

**None.**

14.     TRIAL BY MAGISTRATE JUDGE:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (____) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United

States Magistrate Judge form has been submitted to the clerk of this court this

_____ day of _____, 2017.

(b)     The parties ( **X** ) do not consent to having this case tried before a

magistrate judge of this court.

Respectfully submitted this 11th day of April, 2017.

| | |
|---|---|
| **DELONG CALDWELL BRIDGERS** **FITZPATRICK & BENJAMIN, LLC** | **FISHER & PHILLIPS, LLP** |
| *s/ Charles R. Bridgers* | *s/ Matthew R. Simpson* |
| Charles R. Bridgers | Matthew R. Simpson |
| Georgia Bar No. 080791 | Georgia Bar No. 540260 |
| Kevin D. Fitzpatrick, Jr. | |
| Georgia Bar No. 262375 | 1075 Peachtree Street, NE |
| | Suite 3500 |
| 3100 Centennial Tower | Atlanta, GA 30309 |
| 101 Marietta Street | (404) 231-1400 Telephone |
| Atlanta, GA 30303 | (404) 240-4249 Facsimile |
| (404) 979-3150 Telephone | Msimpson@fisherphillips.com |
| (404) 979-3170 Facsimile | |
| charlesbridgers@dcbflegal.com | *Counsel for Defendant* |
| kevin.fitzpatrick@dcbflegal.com | |
| | |
| *Counsel for Plaintiffs* | |

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DEMETRIUS BATTLE as next friend and parent of XAVIER JOHNSON, a minor, DEMETRIUS BATTLE as next friend and parent of MALIK GREEN, a minor, DEMETRIUS BATTLE as next friend and parent of JOE NEAL, a minor, and LORETTA TRAYLOR as next friend and parent of EBONY COLLIER, a minor individually and on behalf of all others similarly situated,** | : : : : : : : : : : : : : : | Civil Action File No.<br><br>1:17-CV-00348-SCJ |
| **Plaintiffs,** | : : : | |
| **vs.** | : : : : | |
| **PVG RESTAURANT GROUP, LLC d/b/a Sonic,** | : : : | |
| **Defendant.** | : : : | |

### [PROPOSED] SCHEDULING ORDER

Upon review of the parties' Joint Preliminary Report and Discovery Plan, it is hereby ORDERED that the discovery plan contained therein is approved and adopted and it is FURTHER ORDERED that the time limits for adding parties,

amending the pleadings, filing motions, completing discovery, and discussing

settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules.

IT IS SO ORDERED, this _____ day of _____, 2017.


_____
Steve C. Jones
Judge, United States District Court