UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEMETRIUS BATTLE as next friend and parent of XAVIER JOHNSON, a minor, DEMETRIUS BATTLE as next friend and parent of MALIK GREEN, a minor, DEMETRIUS BATTLE as next friend and parent of JOE NEAL, a minor, and LORETTA TRAYLOR as next friend and parent of EBONY COLLIER, a minor individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>PVG RESTAURANT GROUP, LLC d/b/a Sonic,<br><br>　　　　Defendant. | No. 17-CV-00348-SCJ<br><br>Hon. Steve C. Jones |

**JOINT MOTION TO APPROVE SETTLEMENT AND
TO DISMISS ACTION WITH PREJUDICE**

Plaintiffs Xavier Johnson, Malik Green, Demetrius Battle as attorney in fact for Joe Neal,[1] and Ebony Collier (collectively referred to as "Plaintiffs") and

---

[1] Mr. Neal has named and appointed Demetrius Battle as his true and lawful Agent to arrange for and transact any and all business and affairs on his behalf, including but not limited to the decision to commence, prosecute, discontinue, or defend actions or other legal proceedings concerning Mr. Neal or his property.

Defendant PVG Restaurant Group, LLC ("Defendant"), respectfully seek the Court's approval of their settlement (the "Settlement") with respect to Plaintiffs' claims in this wage and hour case against Defendant.

The parties reached the Settlement reached after months of investigation and arms-length negotiations, culminating in a full-day mediation before Lee Parks on September 20, 2017. The Settlement, if approved, will provide meaningful relief to those affected. Accordingly, Plaintiffs and Defendant jointly request that the Court enter the Consent Order Approving Settlement and Dismissing the Action with Prejudice, attached as Exhibit A. In support of this Motion, the Parties jointly state as follows:

## I.   Background

On January 30, 2017, Plaintiffs filed the instant action against Defendant. Plaintiffs' Complaint, filed on behalf of themselves and all other similarly situated individuals, asserted a collective action claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq.* ("FLSA"). (Dkt. No. 1.) Plaintiffs alleged that Defendant failed to pay Plaintiffs wages for all hours worked and failed to pay overtime compensation for all hours worked over 40 in a workweek. (*Id.*) Defendant denies Plaintiffs' allegations in their entirety, including that it violated the FLSA or any

other state or federal law in any manner and further denies that Plaintiffs are owed any additional overtime or other compensation.

To assist Plaintiffs in their evaluation of the case, Defendant produced numerous documents including extensive payroll and timekeeping records, work schedules, and relevant personnel records. Defendant also provided Plaintiffs' counsel with legal authority in support of its defenses. The Parties chose to mediate this case based on their analysis and evaluation of relevant factors, and because it presented a number of factual questions that would be both costly and time-consuming to litigate. To avoid protracted and expensive litigation over these substantive and procedural issues, the Parties conducted mediation on September 20, 2017 with Lee Parks serving as Mediator (the "Mediator"). Through mediation, Plaintiffs reached an agreement with Defendant to settle their claims in this case. The Parties are now seeking approval of the Settlement from the Court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

This Settlement is the compromise of disputed claims and does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiffs' rights or of any duty owed by Defendant to Plaintiffs. Defendant expressly denies having engaged in any wrongdoing or unlawful conduct in this lawsuit; disputes Plaintiffs' entitlement to

the amounts to be paid under this Settlement absent this Settlement; and disagrees with Plaintiffs as to, for example and without limitation, the number of hours Plaintiffs allegedly worked for Defendant.  Nevertheless, the Parties have entered into this Settlement as a compromise to avoid the risks, distractions, and costs that will result from further litigation. The executed Settlement Agreement and Release of Claims (the "Agreement") is attached hereto as Exhibit B.

The Parties therefore jointly request that the Court approve the Parties' Settlement and dismiss Plaintiffs' claims against Defendant with prejudice.

### III.   Legal Authority

#### A.   The FLSA Permits the Settlement and Release of Claims with Court Approval.

In the Eleventh Circuit, there are two ways in which claims under the FLSA may be settled and released.  First, Section 216(c) of the FLSA allows individuals to settle and waive their claims under the FLSA if the payment of alleged unpaid wages is supervised by the Secretary of Labor.  *See* 29 U.S.C. § 216(c); *Lynn's Food Stores,* 679 F.2d at 1353.  Second, in the context of a private lawsuit brought under Section 216(b) of the FLSA, an individual may settle and release FLSA claims if the parties present the District Court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id*.  In addressing the

circumstances justifying court approval of FLSA settlements in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

### B. The Settlement is a Fair and Reasonable Resolution of the Bona Fide Disputes between the Parties.

Following good faith, arms-length negotiations, the Parties have reached a settlement of all claims. Due to the disputed facts between the Parties, the uncertainties of litigation, and the benefit to both Parties in avoiding the expense and time associated with further litigation, the Parties have agreed to settle this matter pursuant to the terms set forth in the Agreement attached hereto as Exhibit B.

The proposed Settlement arises out of an FLSA collective action brought by Plaintiffs against Defendant, which was adversarial in nature. During the litigation and settlement of this action, the Parties were represented by experienced counsel.

5

The Parties reached the Settlement following mediation before a highly experienced wage-hour mediator.

The Parties further agree that the Settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed factual issues. Specifically, the Parties disagree as to whether Plaintiffs were actually required to complete uncompensated work, whether Defendant indeed failed to provide Plaintiffs with meal breaks, as well as how many hours Plaintiffs allegedly worked.

The Parties therefore engaged in settlement discussions, based upon their independent valuations of the case. The Parties, through their attorneys and with the assistance of the Mediator, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. Plaintiffs and a representative of Defendant have signed the Settlement Agreement setting forth the terms of the Agreement. The Parties believe the Settlement reached is fair, reasonable, and adequate and thus should be approved by the Court. Attorney's fees for Plaintiffs' Counsel was separately negotiated after the Parties negotiated payments to be received by Plaintiffs.

## IV. Conclusion

The Parties jointly and respectfully request that the Court approve the settlement agreement of the Parties, and, upon approval of the settlement, that the Court dismiss the action with prejudice. A proposed Order has been attached for the Court's convenience as Exhibit A.

Respectfully submitted.

| | |
|---|---|
| s/ Kevin D. Fitzpatrick, Jr. | |
| Charles R. Bridgers | s/Matthew R. Simpson |
| charlesbridgers@dcbflegal.com | Matthew R. Simpson |
| kevin.fitzpatrick@dcbflegal.com | John A. Singer |
| DELONG CALDWELL BRIDGERS | msimpson@fisherphillips.com |
| FITZPATRICK & BENJAMIN, LLC | jsinger@fisherphillips.com |
| 3100 Centennial Tower | FISHER & PHILLIPS LLP |
| 101 Marietta Street | 1075 Peachtree Street NE, Suite 3500 |
| Atlanta, Georgia 30303 | Atlanta, Georgia 30309 |
| Telephone: (404) 979-3150 | Telephone: (404) 231-1400 |
| **COUNSEL FOR PLAINTIFFS** | **COUNSEL FOR DEFENDANT** |