### SETTLEMENT, RELEASE, AND WAIVER OF CLAIMS

FOR AND IN CONSIDERATION of the mutual promises, covenants, and agreements made herein by XAVIER JOHNSON ("**Johnson**"), MALIK GREEN ("**Green**"), DEMETRIUS BATTLE as attorney in fact for JOE NEAL ("**Neal**"), and EBONY COLLIER ("**Collier**") (collectively, "Plaintiffs"), and PVG RESTAURANT GROUP, LLC (hereinafter referred to as the "**Company**," a term that shall include all parent, subsidiary, and affiliate corporations, associated or controlled companies, their successors, predecessors, and assigns, and all past and present officers, directors, agents, stockholders, partners, owners, representatives, employees, insurers, attorneys, and employees thereof, other entities, assigns, and all persons acting on, by or through, under or in concert with them), the parties hereto do settle, waive, release, and agree to discharge all claims, controversies, demands, actions or causes of action which were raised in or which could have been raised in the lawsuit Battle et al v. PVG Restaurant Group, LLC d/b/a Sonic, Civ. No. 1:17-CV-00348-SCJ, currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division (the "Litigation"), as follows:

1. **Effective Date.** The parties agree that this Settlement, Release, and Waiver of Claims Agreement ("**Agreement**"), shall be effective and enforceable upon approval by the Court as set forth in Paragraph 2 ("**Effective Date**").

2. **Court Approval of this Agreement.** The parties agree that this Agreement must be approved by the United States District Court for the Northern District of Georgia (the "**Court**"). Accordingly, the parties agree to jointly move the Court to approve this Agreement. The parties further agree that this Agreement is null and void if it is not approved by the Court.

3. **Consideration.** For and in consideration of the promises, recitals, releases, waivers, terms, and conditions set forth in this Agreement, including but not limited to Plaintiffs' execution of an original of this Agreement, the Company does hereby agree to provide to Plaintiffs the total gross settlement amount of Eighty-Six Thousand One Hundred Forty-Three Dollars ($86,143.00) (the "**Settlement Payment**"), which shall be allocated as follows:

   (a) **To Johnson:** Four Thousand Five Hundred Dollars ($4,500.00) shall be allocated as back wages for Johnson's claims in the Litigation under the Fair Labor Standards Act ("**FLSA**"), and a check payable to Johnson will be issued in that amount less applicable deductions and withholdings; Four Thousand Five Hundred Dollars ($4,500.00) shall be allocated as liquidated damages for Johnson's claims in the Litigation for unpaid overtime under the FLSA, and a second check payable to Johnson will be issued in that amount without any deductions or withholdings.

   (b) **To Green:** Five Thousand Five Hundred Dollars ($5,500.00) shall be allocated as back wages for Green's claims in the Litigation under the FLSA, and a check payable to Green will be issued in that amount less applicable deductions and withholdings; Five Thousand Five Hundred Dollars ($5,500.00) shall be allocated as liquidated damages for Green's claims in the Litigation for unpaid overtime under the FLSA, and a second check payable to Green will be issued in that amount without any deductions or withholdings.

   (c) **To Neal:** Twenty Two Thousand Dollars ($22,000.00) shall be allocated as back wages for Neal's claims in the Litigation under the FLSA, and a check payable to Neal will be issued in that amount less applicable deductions and withholdings; Twenty Two Thousand Dollars ($22,000.00) shall be allocated as liquidated damages for Neal's claims in the Litigation for unpaid overtime under the FLSA, and a second check payable to Neal will be issued in that amount without any deductions or withholdings;

    (d) **To Collier:** One Thousand Seventy-One Dollars and Fifty Cents ($1,571.50) shall be allocated as back wages for Collier's claims in the Litigation under the FLSA, and a check payable to Collier will be issued in that amount less applicable deductions and withholdings; One Thousand Seventy-One Dollars and Fifty Cents ($1,571.50) shall be allocated as liquidated damages for Collier's claims in the Litigation for unpaid overtime under the FLSA, and a second check payable to Collier will be issued in that amount without any deductions or withholdings.

    (e) **To Plaintiffs' Attorneys:** Nineteen Thousand Dollars ($19,000.00) shall be allocated as Plaintiffs' attorneys' fees and costs incurred in the Litigation. A check payable to Kevin D. Fitzpatrick, Jr. will be issued in that amount, without any deductions or withholdings.

The Company agrees that the Settlement Payment shall be submitted to the offices of DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC within twenty (20) days of either the Court's approval of this Agreement or receipt by the Company of Forms W-4G and W-9 referenced in the next paragraph, whichever is later.

Each Plaintiff shall provide the Company with a completed IRS Form W-4, Kevin D. Fitzpatrick, Jr. shall provide the Company with a completed IRS Form W-9. With the exception of the Company's share of payroll taxes for back wages, Plaintiffs shall be solely responsible for any tax liability, penalties, and interest arising from the allocation of the Settlement Payment, including any taxes, penalties, and interest related to the taxable wage income paid to Plaintiffs under IRS Forms W-2 and 1099. Plaintiffs understand and agree that they have not relied on any express or implied representations by the Company concerning the tax implications of the Settlement Payment. The Company will not consider the Settlement Payment to be wages for purposes of calculating, or recalculating, benefits provided by, or to, Plaintiffs and their beneficiaries under the terms or conditions of any benefit plan maintained by the Company for the benefit of its employees and their beneficiaries.

Each Plaintiff specifically acknowledges that (s)he would not otherwise be entitled to the consideration set forth in this paragraph were it not for the covenants, promises, and releases set forth hereunder.

    **4.**    **No Amounts Owing.** Each Plaintiff acknowledges that the Company shall not owe him or her anything further once he or she receives the Settlement Payment related to the Litigation. Each Plaintiff specifically acknowledges and agrees that once (s)he receives the Settlement Payment, the Company will have compensated him or her for all hours that (s)he contends to have worked and that (s)he will have received all wages and compensation, including overtime premium wages, to which (s)he contends (s)he is entitled under state and local law as well as the Fair Labor Standards Act.

    **5.**    **Release of Claims.** Each Plaintiff releases and forever discharges, and agrees to hold harmless the Company and its past and present owners, operators, officers, directors, agents, stockholders, partners, representatives, insurers, attorneys, and employees thereof, as well as its other affiliates, entities, franchisors, assigns, and all persons acting on, by or through, under or in concert with them (collectively, the "**Releasees**"), from any and all claims, causes of action, demands, suits, contracts, agreements, liens, judgments, debts, obligations, damages or liability which could have been raised in the Litigation, whether known or unknown, including but not limited to those claims, causes of actions, demands, debts, obligations, damages or liability arising under the FLSA. This release applies to all claims allegedly arising from actions or failure to act by the Company before the Effective Date of this Agreement under state and local laws regulating payment of wages, compensation, and overtime, as well as the Fair Labor Standards

Act. The release does not apply to any claims arising from actions or failure to act by the Company after the Effective Date of this Agreement, including for breach of this Agreement.

6. **Compromise.** The parties agree that this Agreement and the aforementioned consideration (Settlement Payment) are a complete compromise and settlement of all matters contained in and pertaining to the Lawsuit, including disputed issues of law and fact. The parties agree that neither this Agreement nor the aforementioned consideration (Settlement Payment) is evidence of, and shall not be construed as an admission of liability or wrongdoing on the part of the Company. Plaintiffs understand and agree that the Company specifically denies liability in this Litigation and states that payment of the aforementioned consideration is made to settle disputed, denied and contested claims. Plaintiffs further understand and agree that the Company has entered into this Agreement solely to avoid the additional expenses and additional costs of this Litigation.

7. **Voluntary Dismissal.** Within five (5) days of the Company's payment of all sums due under this Agreement, the parties covenant and agree to execute or cause to be executed on their behalf by their respective counsel a Joint Stipulation of Voluntary Dismissal with Prejudice in the Litigation.

8. **Attorneys' Fees Release.** Except as provided herein, each Plaintiff specifically understands and agrees that (s)he will be responsible for all fees and costs owed to his or her attorney(s) or legal advisor(s) or to anyone else engaged by him or her for any reason related to this Litigation. Each Plaintiff further unconditionally releases and discharges the Releasees from any claim for attorneys' fees and costs incurred by or for Plaintiffs, or on Plaintiffs' behalf, in connection with the Litigation.

9. **Adequate Consideration.** Plaintiffs and the Company acknowledge that the consideration provided by each to the other is adequate and that this is a legally binding document with which all parties will faithfully comply.

10. **Binding Nature.** This Agreement, and all the terms and provisions contained herein, shall bind the heirs, personal representatives, successors and assigns of each party, and inure to the benefit of each party, its agents, directors, officers, employees, servants, successors, and assigns.

11. **Construction.** This Agreement shall not be construed in favor of one party or against the other.

12. **Severability.** This Agreement is contingent upon approval by the Court and shall be null and void if it is not approved by the Court.

13. **Compliance with Terms.** The failure to insist upon compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

14. **Indemnification.** Should either Medicare or the IRS contend that the Company should have withheld any portion of the Settlement Payment, Plaintiffs agree to indemnify and hold harmless the Company from any and all such claims, demands, liens, subrogated interests, and causes of action. This indemnification obligation includes all damages, double damages, fines, penalties, attorneys' fees, costs, interest, expenses, and judgments incurred by or on behalf of the Company in connection with such claims, demands, subrogated interests, or causes of action. Regardless of the accuracy of the representations and warranties made above, Plaintiffs agree to indemnify and hold the Company harmless for taxes on the payments made to them and any tax consequences related thereto, except those prohibited by law.

**15.** **Governing Law and Jurisdiction.** This Agreement shall be interpreted under the laws of the State of Georgia, both as to interpretation and performance. Any action to enforce this Agreement or for breach thereof shall be brought in the United States District Court for the Northern District of Georgia, Atlanta Division.

**16.** **Section Headings.** The section and paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

**17.** **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument. The parties agree that signed facsimiles and .pdf copies have the same force and effect as originals.

**18.** **Entire Understanding.** This Agreement and the attachments hereto embody the entire agreement of all the parties hereto who have executed it and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the parties to this Agreement related to the subject matter herein. The parties to this Agreement acknowledge that no representations, inducements, promises, agreements or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement; that they have not executed this Agreement in reliance on any representation, inducement, promise, agreement, warranty, fact or circumstances, not expressly set forth in this Agreement; and that no representation, inducement, promise, agreement or warranty not contained in this Agreement, including, but not limited to, any other purported settlements, modifications, waivers or terminations of this Agreement, shall be valid or binding, unless executed in writing by all of the parties to this Agreement. This Agreement may be amended, and any provision herein waived, but only in writing, signed by the party against whom such an amendment or waiver is sought to be enforced.

**19.** **Execution**: The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

**20.** **Enforcement.** In any action to enforce the provisions of this agreement the prevailing party shall be entitled to recover their reasonable attorneys' fees and costs in addition to all other remedies available under law.

**The undersigned Plaintiffs each declare that he or she has carefully read this Agreement, consulted an attorney, understands this Agreement, and executes this Agreement knowingly and voluntarily.**

IN WITNESS WHEREOF, the parties have executed this Agreement consisting of four (4) pages on the respective dates set forth below effective October 6, 2017.

.

Signatures:

| XAVIER JOHNSON | PVG RESTAURANT GROUP, LLC |
|---|---|
| _____ | By: _____ |
| Date: _____ | Name: _____ |

MALIK GREEN

_____

Date: _____

Title: _____

Date: _____

DEMETRIUS BATTLE as attorney in fact for
JOE NEAL

_____

Date: _____

EBONY COLLIER

_____

Date: _____

ACKNOWLEDGED BY COUNSEL
FOR PLAINTIFFS

By: _____

Name: _____

Date: _____

15. **Governing Law and Jurisdiction**. This Agreement shall be interpreted under the laws of the State of Georgia, both as to interpretation and performance. Any action to enforce this Agreement or for breach thereof shall be brought in the United States District Court for the Northern District of Georgia, Atlanta Division.

16. **Section Headings**. The section and paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

17. **Counterparts**. This Agreement may be executed in counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument. The parties agree that signed facsimiles and .pdf copies have the same force and effect as originals.

18. **Entire Understanding**. This Agreement and the attachments hereto embody the entire agreement of all the parties hereto who have executed it and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the parties to this Agreement related to the subject matter herein. The parties to this Agreement acknowledge that no representations, inducements, promises, agreements or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement; that they have not executed this Agreement in reliance on any representation, inducement, promise, agreement, warranty, fact or circumstances, not expressly set forth in this Agreement; and that no representation, inducement, promise, agreement or warranty not contained in this Agreement, including, but not limited to, any other purported settlements, modifications, waivers or terminations of this Agreement, shall be valid or binding, unless executed in writing by all of the parties to this Agreement. This Agreement may be amended, and any provision herein waived, but only in writing, signed by the party against whom such an amendment or waiver is sought to be enforced.

19. **Execution**: The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

20. **Enforcement**. In any action to enforce the provisions of this agreement the prevailing party shall be entitled to recover their reasonable attorneys' fees and costs in addition to all other remedies available under law.

The undersigned Plaintiffs each declare that he or she has carefully read this Agreement, consulted an attorney, understands this Agreement, and executes this Agreement knowingly and voluntarily.

IN WITNESS WHEREOF, the parties have executed this Agreement consisting of four (4) pages on the respective dates set forth below effective October 6, 2017.

Signatures:

XAVIER JOHNSON
_[signature]_
Date: 10/11/17

PVG RESTAURANT GROUP, LLC
By: _[signature]_
Name: TASHA HALLEY

4

MALIK GREEN

*[signature: Malik Green]*

Date: 10-11-17

DEMETRIUS BATTLE as attorney in fact for
JOE NEAL

*[signature: Demetrius Battle]*

Date: Nov 10-2017

EBONY COLLIER

_____

Date: _____

Title: _____

Date: _____

ACKNOWLEDGED BY COUNSEL
FOR PLAINTIFFS

By: _____

Name: _____

Date: _____

5

**MALIK GREEN**

_____
Date: _____

**DEMETRIUS BATTLE as attorney in fact for JOE NEAL**

_____
Date: _____

**EBONY COLLIER**

*Ebony J. Collier*
Date: 10/18/17

**ACKNOWLEDGED BY COUNSEL FOR PLAINTIFFS**

By: *[signature]*
Name: Kevin Fitzpatrick
Date: 10/19/17

Title: _____
Date: _____